THOMAS L. HORRELL, APPELLANT, *v.* HENRY MANNING, RESPONDENT.

PLEADING—BILL IN EQUITY TO SET ASIDE CONVEYANCE, WHEN INSUFFICIENT.—An allegation which charges a party with having made false representations, is, in a suit to set aside a conveyance because of such representations, insufficient, unless it alleges that the party injured relied upon such representations and was by them misled to his injury.

IDEM—INTEREST OF DEFENDANT MUST BE ALLEGED.—The complaint, in a suit to set aside a deed on account of alleged false representations, must show that the defendant is or was at the time the complaint was filed the owner of the land in controversy.

APPEAL from Marion County.

This is a suit in equity to set aside two deeds. The following is an abstract of the bill: On the twenty-sixth day of August, 1864, in consideration of two thousand six hundred dollars paid down, the appellant purchased of Narcissa Herpin three hundred and forty-six acres of land in question. The money was paid some time before the deed

was made.  The deed was drawn up by one B. DeLorme, who was acting for the respondent, delivered to him and by him recorded.   It was the agreement and understanding that the deed should be made to the appellant when the two thousand six hundred dollars was paid, but instead of being so made, it was made jointly to the appellant and respondent.   The deed was not read to the appellant, nor was he present, and he did not know that it was so jointly made to him and respondent for a long time thereafter.

Between the time of payment of said two thousand six hundred dollars and the making of said deed, appellant and respondent entered into an agreement, in effect, that if respondent would deed to him an undivided half interest in respondent's donation claim, which he falsely represented as being three hundred and twenty acres of land, then, and in that case, the appellant would deed to the respondent one half of the tract purchased of Herpin.   Thereafter and before the fourth day of November, 1864, the appellant and George A. Manning, a brother of respondent, entered into an agreement whereby the appellant agreed to convey to George A. Manning one hundred and sixty-eight acres of land from the south side of the land in question, in consideration of one thousand two hundred and eighty-three dollars, to be paid by George A. Manning, the appellant.

On November 4, 1865, the appellant and wife made such conveyance to George A. Manning.   The deed was drawn and brought to the appellant by DeLorme, who was acting for George A. and Henry Manning, and who stated to appellant that he and wife and Henry Manning and wife would have to join in the deed, and that would make it "all right and proper."   So the appellant signed said deed, supposing he was only conveying the said one hundred and forty-eight acres.  Appellant did not read the deed, nor did he know for eight years that it purported to convey all of the appellant's interest in said land.   Nor was any consideration ever paid for the other half of said land.

The same day, without consideration or consent or knowledge of the plaintiff, Geo. A. Manning and wife conveyed to the respondent the north half of said premises.   The

appellant had no knowledge that said deed had been made for over eight years, but he supposed he retained his half interest in the land. That all of said deeds were so drawn for the purpose of cheating and defrauding the appellant out of his interest in said lands. That the representations of the respondent that his land claim in Clackamas county contained three hundred and twenty acres of land were false and fraudulent; that the said claim contained only two hundred and fifty acres of land, all of which was well known to respondent, and they were made to cheat and defraud the appellant; and that respondent has never deeded said land to the appellant or any part of it, nor has he paid anything for the land in question.

Wherefore, appellant asks that the deeds from himself to Geo. A. Manning, and from Geo. A. Manning to Henry Manning, may be set aside, etc. Defendant filed a general demurrer to the complaint, which was sustained by the court below, and the plaintiff appeals.

*Addison C. Gibbs and Loyal B. Stearns,* for appellant.

*B. F. Harding,* for respondent.

By the Court, McArthur, J.:

We are of opinion that the demurrer was well taken, and that the court below did not err in sustaining the same and in dismissing the suit. It appears that the business of making the purchase and receiving the deed from the Herpins was performed by B. DeLorme, who under a fair construction of the complaint must, we think, be regarded as having acted as the agent of the appellant. In making the purchase it does not appear that the appellant or his agent had any understanding or agreement with the respondent, and it is impossible to discover with whom the understanding and agreement referred to in the second allegation was had or made. It certainly does not appear that the respondent was in any way connected therewith or interested therein. There is nothing in the complaint showing that the respondent is in any manner chargeable with what seems to have been the appellant's own negli-

gence in not being present and definitely ascertaining the nature and contents of the deed from the Herpins. It is nowhere alleged that the respondent did any act or uttered any word which induced the appellant or his agent to purchase the land or to neglect to examine the deed.

The execution of the deed of November 4, 1865, by appellant and wife and respondent and wife to George A. Manning, is a solemn ratification of the act of DeLorme in making the purchase from the Herpins and in receiving their deed and estops the appellant from now asserting that he did not know the quantity and quality of the estate granted.

The allegation of false representations charged to have been made by respondent in relation to the donation claim in Clackamas county, is defective and insufficient. It is not enough that the respondent be charged with falsely representing that there were three hundred and twenty acres of land in said claim, the appellant must also allege that he trusted in and relied upon such representations, and was by them misled to his injury or prejudice.

The complaint contains an allegation which relates to a deed executed by George A. Manning and wife to respondent. He is not a party to this suit. The matters set forth in that allegation cannot be examined into or passed upon in this suit. But if they could be, there is nothing whatever to show that he was not a purchaser in good faith, for a valuable consideration, or that he had any notice whatever of the prior existing equities, if any, between appellant and respondent.

Furthermore, it does not appear that the respondent is at present or was at the time of the filing of the complaint the owner of the land, and it would be impossible to afford the appellant any relief under this complaint unless such fact was alleged and proved.

Decree affirmed.