LOUIS NICOLAI, RESPONDENT, *v.* S. M. LYON, APPELLANT.

COMPOSITION AGREEMENT—IN WHAT CASE LIABILITY OF THIRD PERSONS TO CREDITOR DISCHARGED BY.—N. deposited two thousand dollars with L. to be loaned to U. upon the security of a first mortgage on certain real estate. L. loaned the money, but took a second mortgage. The property was absorbed in discharge of the first mortgage. U., having become insolvent, compromised with his creditors. N. signed the composition deed without notice to L., who was a creditor of U. on a separate account, and who also signed it: *Held*, that N., by entering into the composition agreement, released L. from liability for a breach of the agreement under which the two thousand dollars was loaned.

APPEAL from Multnomah County.

Nicolai gave Lyon two thousand dollars to be loaned to the Uptons, secured by a first mortgage upon certain real estate for a compensation to be paid him. Lyon loaned the money to the Uptons, taking a second mortgage upon the property in question. The property, excepting an inconsiderable residue, was all applied in discharge of the first mortgage. The Uptons became insolvent and made a composition agreement with their creditors, which was signed by Nicolai without notice to Lyon. The Uptons were indebted to Lyon at the time this agreement of compromise was made, and the latter signed the agreement. A judgment was rendered in the court below upon a verdict in Nicolai's favor. One of the instructions to the jury in the court below is contained in the opinion of the court.

*Dolph, Bronaugh, Dolph & Simon,* for appellant.

*Catlin & Killen, and William Strong,* for respondent.

By the Court, McARTHUR, J.:

We think the court below erred in giving the following instruction: "That if the jury should find from the evidence that defendant made the contract with plaintiff alleged in the complaint, and then loaned plaintiff's money to the Uptons upon the second mortgage alleged in the complaint, by reason whereof plaintiff has failed to collect from the Uptons any of said money loaned them, and if the jury should also find that plaintiff afterwards signed the composition agreement between the Uptons and their creditors, and that the Uptons complied with their part of that agreement, the effect thereof was to release defendant from responsibility to plaintiff for such breach of contract, unless the jury should also find that defendant himself signed said composition agreement, in which latter event the effect was to release the Uptons from their contingent liability over to defendant, but that defendant would not in that case be released from his liability to plaintiff for said breach of contract." The latter part of this instruction beginning with the words "unless the jury should also find," etc., does not state the law correctly.

By signing the composition deed, the appellant only released the Uptons from further personal liability upon the claim he held against them, amounting, it appears, to three hundred and seventy dollars. At the time he placed his signature thereto, he had no right, either fixed or contingent, against them, arising out of the contraction between himself and the respondent. Consequently he could have intended nothing more than to release them personally from their then ascertained liability to him. If he failed in his contract with respondent, and the respondent was about to lose his money because of the insufficiency of the mortgage security, he had a right to be subrogated to the rights of the respondent. The respondent could not cut him off from recourse over against the Uptons without his consent, and

that we do not think can be implied from the fact that he signed the composition deed.

For the error in this instruction, it not being caused by any other, we think the judgment should be reversed and a new trial granted.

Judgment reversed.