## LOUIS NICOLAI, RESPONDENT, v. S. M. LYON, APPELLANT.

COMPOSITION AGREEMENT—EFFECT OF, AS TO LIABILITY OF THIRD PERSONS.—L., a broker, undertook to loan money for N. for compensation, upon first-mortgage security; but through negligence loaned the money on second-mortgage security, and thereby became liable to N. to make good the security. Before the loan became due N. signed a composition agreement with other creditors of the borrower, releasing such borrower from personal liability beyond the lien of the mortgage. *Held*, that the release of the borrower by it had the effect to release L., the broker, from his contingent liability to N.

PLEADING—AN ALLEGATION OF FRAUD, to be sufficient, must state facts which show that the party complaining was misled and injured by the matter complained of.

COMPOSITION AGREEMENT—NOTICE PRESUMED AS TO CONDITION OF PROPERTY ASSIGNED.—Where a composition agreement was signed in which it was stipulated that the creditors did not waive any lien either of them had upon the property assigned by the agreement, it was *held*, that the creditors were presumed to have inquired as to the condition of the property and the liens to which it was subject, and that to avoid such agreement it must appear that active fraud was practiced upon such creditors.

APPEAL from Multnomah County.

It is alleged on behalf of the respondent that in March, 1873, the appellant undertook with the respondent for compensation to loan two thousand dollars for the respondent upon adequate first-mortgage security; that he negligently loaned the money to J. B. and C. B. Upton, upon the security of a second mortgage on certain real estate in East Portland; that there was a prior unpaid mortgage of record upon the property taken; that the property so mortgaged was sold, upon foreclosure of the first mortgage, for no more than enough to satisfy such first mortgage; that the Uptons have been insolvent ever since the respondent's debt became due; that no part of the two thousand dollars has been paid. Among other defenses it is alleged that the respondent and other creditors, without the appellant's knowledge, entered into composition agreement with the Uptons in August, 1873, by which it was agreed that in consideration of the assignment to G. A. Steel, for the creditor's benefit, of certain property by the Uptons, the creditors

would release the Uptons from all personal liability on account of their indebtedness to such creditors; that it was stipulated in the agreement that the creditors did not waive any liens either of them had upon any of the property assigned. The respondent seeks to avoid the effect of the signing of this composition agreement upon the ground that the Uptons did not assign to the assignee of the creditors a promissory note which they held against A. C. Gibbs, and which was included in the composition agreement; that at the time the agreement was signed this note was deposited with the First National Bank of Portland, as security for a debt due from the Uptons to the bank, of which fact the Uptons did not inform the respondent. The bank signed the composition agreement with the other creditors. Upon the trial in the court below, the court, among other instructions, gave the following:

"If the plaintiff was induced to sign the composition agreement by fraudulent representations or fraudulent concealments, upon the part of the Uptons, then it was void as between the Uptons and plaintiff."

"If it was void as between plaintiff and the Uptons, then the signing of the composition deed by plaintiff, constituted no defense to the defendant in this action."

"The composition deed is a representation that the Uptons were the owners of the Gibbs note, and had a right to make a good and sufficient transfer of the same to the assignee, for the use and benefit of the creditors; and if untrue at the time, and known to be untrue by the Uptons, was a fraud upon every creditor who signed the composition deed without knowledge of the truth, and rendered it void as to them."

The appellant's counsel asked the following instruction, which was refused:

"If the jury find from the evidence that at the time of the signing of the composition agreement by Nicolai, the Uptons were the owners of the Gibbs note mentioned in the pleadings, but that said note was pledged to the bank as collateral security for a debt due from the Uptons to the bank, and that the bank also signed said composition agree-

ment, and that thereafter, and within the time specified in said agreement, the Uptons assigned to G. A. Steel all their interest in said note by proper conveyance, then the Uptons fulfilled their part of said composition agreement so far as said note is concerned."

The respondent had judgment on a verdict of the jury for two thousand dollars, the amount prayed for. From this judgment this appeal is taken.

*Dolph, Bronaugh, Dolph & Simon,* for appellant.

*Catlin & Killen, and Wm. Strong,* for respondent.

By the Court, BOISE, J.:

This case has been before this court on a former appeal by the appellants, and in that appeal some of the questions now presented were heard and considered by the court. (6 Or. 457.) On that appeal it was held by this court that the fact that Lyon signed the composition deed would not operate to relieve the Uptons from any contingent liability they might be under to Lyon, provided Nicolai shall recover against him on the contract named in the complaint, arising out of his failure to loan the two thousand dollars on a first mortgage; and that the signing of the composition agreement by Nicolai released Lyon from his liability to Nicolai. The decision of the court in that appeal would be binding on us as authority in determining this appeal, were it not that it is now claimed that the composition agreement was not binding on Nicolai, for the reason that it was fraudulent; that, as alleged in the replication, "said composition agreement was never valid or binding on respondent, because at the time of its execution said Uptons were not the owners of said Gibbs' note, and did not inform plaintiff of that fact, of which he was ignorant." We do not think this is a sufficient allegation of fraud. (*Horrell* v. *Manning,* 6 Or. 416; *Rolf* v. *Russell,* 5 Id. 400; *Dubois* v. *Hermance,* 56 N. Y. 673; *Liffen* v. *Field,* 52 Id. 621.) Moreover, to avoid the agreement on this ground, it should appear that the respondent was misled by this fact, and thereby induced to execute the agreement.

The evidence also tends to show that at the time that Nicolai signed the agreement the Gibbs note was pledged at the First National Bank, to secure notes of the Uptons, and that the Uptons were the owners of it. If such was the fact, then the note was the property of the Uptons, subject to the lien, and was one of the portions of the property of the Uptons, named in the composition agreement, which was reserved to the lienholder by the express terms of the agreement—as much so as the property subject to the mortgage held by Nicolai; for it appears from the agreement itself that the parties thereto stipulate and say in relation to these liens, "not hereby waiving any lien that any of or either of us have upon said property or any part thereof." The First National Bank was a party to the agreement as well as Nicolai. Nicolai should have then inquired as to the liens which are referred to, and will be presumed to have done so, unless some active fraud is shown to have been practiced on him by which the condition of this note was concealed from him. On this subject the counsel for the appellant asked the court to instruct the jury that: "If the jury believe from the evidence that at the time of the signing of the composition agreement by Nicolai the Uptons were the owners of the Gibbs note mentioned in the pleadings, but that said note was pledged to the bank as collateral security for a debt due from the Uptons to the bank, and that the bank also signed the composition agreement, and that thereafter and within the time specified in said agreement the Uptons assigned to G. A. Steel all their interest in said note by proper conveyance, then the Uptons fulfilled their part of the composition agreement so far as said note is concerned."

We think, for the reasons before stated, that this instruction should have been given, and that the refusal of the court to give it was error, for which the judgment of the circuit court should be reversed and a new trial ordered.